JEFFREY A. KRIEGER (SBN 156535)
JKrieger@GreenbergGlusker.com
JAMES R. MOLEN (SBN 260269)
JMolen@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Secured Creditor
Signal Walnut Partnership, LP

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 2:10-bk-21336-AA |
| Orange Grove Service, Inc., | Chapter 11 |
| Debtor. | **SIGNAL WALNUT LP'S OBJECTION TO DEBTOR'S NOTICE OF SETTING INSIDER COMPENSATION; DECLARATIONS OF JOSEPH T. KUNG AND JEFFREY A. KRIEGER IN SUPPORT THEREOF** |
| | Date: June 2, 2010<br>Time: 10:30 a.m.<br>Place: Courtroom 1375 |

79037-00002/1733596.2                              SIGNAL WALNUT LP'S OBJECTION

Secured creditor Signal Walnut Partnership, LP ("Signal Walnut") objects to the Notice of Setting Insider Compensation (the "Notice") served by debtor and debtor-in-possession Orange Grove Service, Inc. (the "Debtor") on the grounds that the insider compensation sought is excessive and does not represent reasonable compensation for the duties described. The Notice represents nothing more than a thinly-disguised attempt to transfer nearly a quarter of the monthly revenue generated by the properties of the bankruptcy estate to the Debtor's insiders under the guise of "compensation." Such blatant abuse of the bankruptcy process should not, and cannot, be condoned.

On April 13, 2010, the Debtor filed a Motion for Interim Use of Cash Collateral (the "Motion"), wherein the Debtor sought the Court's approval to use Signal Walnut's cash collateral for, among other things, distributions to Art Flores (a principal of the Debtor) in the amount of $18,500 per month on account of his equity interest in the Debtor. The Debtor also sought to use cash collateral to pay Mr. Flores' personal auto loans. The Court's tentative ruling was to deny the Motion in its entirety, so the Debtor amended its motion to only seek payment of certain critical payments to third party vendors.

The Debtor has now filed the instant Notice, which requests court approval of the same payments of $18,500 per month to Mr. Flores and his wife, only this time as supposed "insider compensation." In total, the Notice purports to have insider compensation to Mr. Flores and his wife set at $19,759 per month, which the Debtor breaks out as $18,500 in salary and $1,259 for car allowances.

The Notice describes Mr. and Mrs. Flores' duties as those of a commercial property manager. Industry custom and practice establishes that a commercial property manager's compensation is based on the gross revenue of the property managed, and is generally between 3% to 6% of said revenue. Declaration of Joseph T. Kung ("Kung

2    SIGNAL WALNUT LP'S OBJECTION

79037-00002/1733596.2

Decl."), ¶ 3; Declaration of Jeffrey A. Krieger, ¶¶ 2-4. Prior to the Debtor's Chapter 11 petition, STC Management performed the property management duties for the Lemon Creek Center. Declaration of Joseph T. Kung, ¶ 3. From at least March 2009 through November 2009, the monthly management fees paid to STC Management were exactly 3.5% of the total revenue of the Lemon Creek Center -- in line with the lower end of industry custom and practice. Kung Decl., ¶ 3, Exh. 1.

In its latest Budget, filed in conjunction with the aforementioned Motion, the Debtor estimates that from May 2010 through October 2010, the Lemon Creek Center will generate monthly revenues of $65,117. For the same period, the Debtor estimates that the Fremont Center will generate revenues of $23,377 per month. Thus, the Debtor estimates that the monthly revenues for both Centers combined will total $88,494. Past practices dictate that compensation for managing these properties should be no more than 3.5% -- i.e., $3,097 per month. This was the percentage used to calculate the previous management company's compensation. There is nothing to suggest that circumstances have changed such that there would be any justification for paying a higher percentage now.

The Debtor's request to pay it's insiders $19,759 per month as supposed "compensation" for management duties is patently unreasonable and absurd. $19,759 represents **more than 22% of the Centers' expected gross revenues**. It is **630% more** than the compensation paid to the prior management company and **450% more** than even the most highly compensated commercial property managers could ever expect to be paid. Under no circumstances could any property owner justify paying such an exorbitant sum as compensation to an outside property manager. The Debtor certainly is not justified here, where it purports to pay this thinly disguised distribution on equity as "compensation" to its insiders.

3    SIGNAL WALNUT LP'S OBJECTION

79037-00002/1733596.2

1  For the reasons set forth above, Signal Walnut respectfully requests that the Court

2  reject the Notice in its entirety.

3

4  DATED: May 18, 2010            GREENBERG GLUSKER FIELDS
                                   CLAMAN & MACHTINGER LLP
5

6

7  By: /s/ James R. Molen
       JEFFREY A. KRIEGER (SBN 156535)
       JAMES R. MOLEN (SBN 260269)
8      Attorneys for Secured Creditor Signal
       Walnut Partnership, LP

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

4                SIGNAL WALNUT LP'S OBJECTION

79037-00002/1733596.2

# DECLARATION OF JOSEPH T. KUNG

Joseph T. Kung declares:

1. I have personal knowledge of the facts set forth herein and if called as a witness, could and would competently testify to these facts under oath.

2. I am the General Partner of Signal Walnut Partnership, LP.

3. Attached hereto as Exhibit "1" is a true and correct copy of the Debtor's monthly income statement for the Lemon Creek Center for the period beginning March 2009 and ending November 2009. Exhibit 1 was provided to me by Arturo Flores, principal of the Debtor, at or prior to a meeting between myself and Mr. Flores on or around November 25, 2009. As demonstrated by dividing the "Management Fees" line item (Exh. 1, pg. 3) by the "Total Revenue" line item (Exh. 1, pg. 1), the Debtor's pre-bankruptcy management company, STC Management, was being paid 3.5% of gross revenue per month.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 18th day of May, 2010, at Diamond Bar, California.

_____
Joseph T. Kung

# DECLARATION OF JEFFREY A. KRIEGER

Jeffrey A. Krieger declares:

1. I have personal knowledge of the facts set forth herein and if called as a witness, could and would competently testify to these facts under oath.

2. On May 14, 2010, I spoke on the phone with Jeremy Wolf, a property manager whose office is located at 10513 Santa Monica Boulevard in Los Angeles, California. I asked him how much is a typical property management fee for a retail commercial shopping center in Southern California. Mr. Wolf told me that the range is generally 3- 6% of the gross revenues of the shopping center.

3. On May 17, 2010, I contacted and spoke to Won Bae, a commercial property manager whose address is 2929 Fallow Field Drive in Diamond Bar, California. I asked Mr. Bae how much he would expect a typical property management fee to be for a retail commercial shopping center in Walnut, California. Mr. Bae told me that the range is generally 3 - 5% of gross revenue.

4. On May 17, 2010, I also contacted and spoke to Mark Shafer, a commercial property manager whose address is 20242 E. Edgemont Place in Walnut, California. I asked Mr. Shafer how much he would expect a typical property management fee to be for a retail commercial shopping center in Walnut, California. Mr. Shafer told me that the range is generally 3 - 5% of gross revenue. I told him that the principals of Orange Grove Service, Inc. were seeking over $18,000 per month and that the expected gross monthly

1 | revenues were approximately $87,000. Mr. Shafer laughed and asked me where could he
2 | sign up for such an exorbitant fee.

4 | I declare under penalty of perjury under the laws of the State of California and the
5 | United States of America that the foregoing is true and correct.

7 | Executed this 18th day of May, 2010, at Los Angeles, California.

_____
Jeffrey A. Krieger

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# EXHIBIT 1

Lemon Creek Shopping Center (c108)

## 12 Month Income Statement
For The Period Ending November 2009
Books = Cash

Page 1

| | Jan-09 | Feb-09 | Mar-09 | Apr-09 | May-09 | Jun-09 | Jul-09 | Aug-09 | Sep-09 | Oct-09 | Nov-09 | Dec-09 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **REVENUE** | | | | | | | | | | | | | |
| **RENT INCOME** | | | | | | | | | | | | | |
| Retail Rent | | | 62,708.88 | 47,421.05 | 49,199.63 | 49,877.95 | 55,206.58 | 47,070.75 | 62,818.49 | 44,430.67 | 44,663.14 | | 463,397.14 |
| Plus: Prepaid Rent | | | -2,961.12 | 0.66 | -0.66 | | 43.57 | 43.57 | 694.44 | -607.30 | 43.57 | | -2,743.27 |
| Prepay CAM | | | -736.66 | | | | | | | | | | -736.66 |
| **TOTAL RENT INCOME** | | | 59,011.10 | 47,421.71 | 49,198.97 | 49,877.95 | 55,250.15 | 47,114.32 | 63,512.93 | 43,823.37 | 44,706.71 | | 459,917.21 |
| **REIMBURSABLE EXPENSE INCOME** | | | | | | | | | | | | | |
| CAM/NNN | | | 14,562.75 | 24,680.63 | 16,556.14 | 13,401.09 | 15,871.50 | 12,996.22 | 21,726.87 | 12,487.57 | 12,458.96 | | 144,741.73 |
| Prior Year Recovery | | | | | 3,379.93 | 33,834.40 | 319.38 | 25.00 | 25.10 | 13.88 | | | 37,597.69 |
| **TOTAL REIMBURSABLE EXPENSE INCOME** | | | 14,562.75 | 24,680.63 | 19,936.07 | 47,235.49 | 16,190.88 | 13,021.22 | 21,751.97 | 12,501.45 | 12,458.96 | | 182,339.42 |
| **OTHER REVENUE** | | | | | | | | | | | | | |
| Late Fees | | | 145.89 | 475.41 | 5,783.10 | | | | | | | | 6,404.40 |
| NSF Fees | | | | 25.00 | | 25.00 | | | | | | | 50.00 |
| Utility Charges | | | 1,769.36 | | 300.00 | 300.00 | 300.00 | 217.56 | 82.44 | 600.00 | | | 3,569.36 |
| Pay Phone Income | | | | | | | | 32.75 | | 41.95 | | | 74.70 |
| Miscellaneous Income | | | | 224.40 | 1,618.20 | | | | | | | | 1,842.60 |
| **TOTAL OTHER REVENUE** | | | 1,915.25 | 724.81 | 7,701.30 | 325.00 | 300.00 | 250.31 | 82.44 | 641.95 | | | 11,941.06 |
| **TOTAL REVENUE** | | | 75,489.10 | 72,827.15 | 76,836.34 | 97,438.44 | 71,741.03 | 60,385.85 | 85,347.34 | 56,966.77 | 57,165.67 | | 654,197.69 |
| **EXPENSES** | | | | | | | | | | | | | |
| **REIMBUSABLE EXPENSES** | | | | | | | | | | | | | |
| **UTILITY EXPENSES** | | | | | | | | | | | | | |
| Electric Common Area | | | 2,992.97 | 1,388.77 | 1,435.66 | 1,725.36 | 1,687.20 | 1,629.86 | 1,699.62 | 1,722.44 | | | 14,281.88 |
| Water & Sewer Common Area | | | 831.14 | 750.99 | 891.34 | 784.07 | 936.89 | 900.14 | 845.89 | 919.04 | | | 6,859.50 |
| Trash Removal | | | 1,140.33 | 1,140.32 | 1,140.32 | 1,140.32 | 1,140.32 | 1,140.32 | 1,140.32 | 1,140.32 | 1,140.32 | | 10,262.89 |
| **TOTAL UTILITY EXPENSES** | | | 4,964.44 | 3,280.08 | 3,467.32 | 3,649.75 | 3,764.41 | 3,670.32 | 3,685.83 | 3,781.80 | 1,140.32 | | 31,404.27 |

Wednesday, November 18, 2009

Lemon Creek Shopping Center (c308)

## 12 Month Income Statement
For The Period Ending November 2009
Books = Cash

Page 2

| | Jan-09 | Feb-09 | Mar-09 | Apr-09 | May-09 | Jun-09 | Jul-09 | Aug-09 | Sep-09 | Oct-09 | Nov-09 | Dec-09 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **REPAIRS & MAINTENANCE** | | | | | | | | | | | | | |
| **EXTERIOR BUILDING** | | | | | | | | | | | | | |
| Roof Repairs | | | 800.00 | | | | | | | | | | 800.00 |
| **TOTAL EXTERIOR BUILDING** | | | 800.00 | | | | | | | | | | 800.00 |
| **GENERAL REPAIRS & MAINTENANCE** | | | | | | | | | | | | | |
| General Cleaning | | | | | | | 105.00 | | | | | | 105.00 |
| Janitorial-Common Areas | | | | | 247.50 | | | | | | | | 247.50 |
| Electrical-Lighting Repair/Contract | | | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | | 1,350.00 |
| Electrical-Supplies | | | 75.34 | 166.53 | 107.57 | 12.12 | 76.04 | 6.15 | | 38.19 | 38.19 | | 520.13 |
| Locks & Keys | | | | 5.00 | | | | | | 7.50 | | | 12.50 |
| Pest Control | | | 405.00 | 285.00 | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 | | 1,950.00 |
| Plumbing-Contract | | | | | | | 65.00 | 130.00 | | | | | 195.00 |
| **TOTAL GENERAL REPAIRS & MAINTENANCE** | | | 630.34 | 606.53 | 685.07 | 342.12 | 576.04 | 466.15 | 330.00 | 375.69 | 368.19 | | 4,380.13 |
| **EQUIPMENT** | | | | | | | | | | | | | |
| **PARKING LOT** | | | | | | | | | | | | | |
| Parking Lot Cleaning & Sweeping | | | 1,680.00 | 1,030.00 | 1,030.00 | 1,030.00 | 1,030.00 | 1,030.00 | 1,030.00 | 1,030.00 | 310.00 | | 9,200.00 |
| **TOTAL PARKING LOT** | | | 1,680.00 | 1,030.00 | 1,030.00 | 1,030.00 | 1,030.00 | 1,030.00 | 1,030.00 | 1,030.00 | 310.00 | | 9,200.00 |
| **LANDSCAPING & GROUNDS** | | | | | | | | | | | | | |
| Lawn Sprinkler & Irrigation Repairs | | | | | 130.44 | | | | | | | | 130.44 |
| Landscaping Contract | | | 1,525.00 | 825.00 | 825.00 | 825.00 | 825.00 | 825.00 | 825.00 | 825.00 | | | 7,300.00 |
| Landscaping Supplies | | | | | | 99.55 | | | | | | | 99.55 |
| **TOTAL LANDSCAPING & GROUNDS** | | | 1,525.00 | 825.00 | 955.44 | 924.55 | 825.00 | 825.00 | 825.00 | 825.00 | | | 7,529.99 |
| **TOTAL REPAIRS & MAINTENANCE** | | | 4,635.34 | 2,461.53 | 2,670.51 | 2,296.67 | 2,431.04 | 2,321.15 | 2,185.00 | 2,230.69 | 678.19 | | 21,910.12 |
| **GENERAL & ADMINISTRATIVE** | | | | | | | | | | | | | |

Wednesday, November 18, 2009

Lemon Creek Shopping Center (C308)

## 12 Month Income Statement
For The Period Ending November 2009
Books = Cash

Page 3

| | Jan-09 | Feb-09 | Mar-09 | Apr-09 | May-09 | Jun-09 | Jul-09 | Aug-09 | Sep-09 | Oct-09 | Nov-09 | Dec-09 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LEASING & MARKETING | | | | | | | | | | | | | |
| ADMINISTRATIVE EXPENSES | | | | | | | | | | | | | |
| MANAGEMENT FEES | | | | | | | | | | | | | |
| Management Fee | | | 2,642.12 | 2,548.08 | 2,689.27 | 3,410.35 | 2,510.94 | 2,112.36 | 2,462.16 | 1,992.37 | | | 20,367.65 |
| TOTAL MANAGEMENT FEE | | | 2,642.12 | 2,548.08 | 2,689.27 | 3,410.35 | 2,510.94 | 2,112.36 | 2,462.16 | 1,992.37 | | | 20,367.65 |
| TOTAL GENERAL & ADMINISTRATIVE | | | 2,642.12 | 2,548.08 | 2,689.27 | 3,410.35 | 2,510.94 | 2,112.36 | 2,462.16 | 1,992.37 | | | 20,367.65 |
| INSURANCE | | | | | | | | | | | | | |
| Property Insurance | | | 2,286.44 | 1,146.47 | 1,136.72 | 1,136.72 | 1,136.72 | 1,136.72 | | | | | 7,979.79 |
| TOTAL INSURANCE | | | 2,286.44 | 1,146.47 | 1,136.72 | 1,136.72 | 1,136.72 | 1,136.72 | | | | | 7,979.79 |
| PROPERTY TAXES | | | | | | | | | | | | | |
| TOTAL REIMBURSABLE EXPENSES | | | 14,528.34 | 9,436.16 | 9,963.82 | 10,493.49 | 9,843.11 | 9,240.55 | 8,332.99 | 8,004.86 | 1,818.51 | | 81,661.83 |
| OWNER'S EXPENSES | | | | | | | | | | | | | |
| Banking Fees | | | 45.00 | 25.00 | 35.00 | 25.00 | 25.00 | | | 10.00 | | | 165.00 |
| Eviction & Legal Fees | | | | | | | 1,435.00 | | 100.00 | 475.00 | 790.00 | | 2,800.00 |
| Postage | | | 6.30 | 16.98 | 9.25 | 14.57 | 20.79 | 17.98 | 7.71 | 13.91 | | | 107.49 |
| TOTAL OWNER'S EXPENSE | | | 51.30 | 41.98 | 44.25 | 39.57 | 1,480.79 | 17.98 | 107.71 | 498.91 | 790.00 | | 3,072.49 |
| TOTAL EXPENSES BEFORE DEBT SERVICE | | | 14,579.64 | 9,478.14 | 10,008.07 | 10,533.06 | 11,323.90 | 9,258.53 | 8,440.70 | 8,503.77 | 2,608.51 | | 84,734.32 |
| NET OPERATING INCOME (NOI) | | | 60,909.46 | 63,349.01 | 66,828.27 | 86,905.38 | 60,417.13 | 51,127.32 | 76,906.64 | 48,463.00 | 54,557.16 | | 569,463.37 |
| DEBT EXPENSE | | | | | | | | | | | | | |
| Debt Service | | | 29,500.00 | 29,500.00 | 29,500.00 | 29,500.00 | 29,500.00 | 29,500.00 | 29,500.00 | 29,500.00 | | | 236,000.00 |
| TOTAL DEBT EXPENSE | | | 29,500.00 | 29,500.00 | 29,500.00 | 29,500.00 | 79,500.00 | 29,500.00 | 29,500.00 | 29,500.00 | | | 236,000.00 |
| NOI WITH DEBT EXPENSE | | | 31,409.46 | 33,849.01 | 37,128.27 | 57,405.38 | 30,917.13 | 21,627.32 | 47,406.64 | 18,963.00 | 54,557.16 | | 333,463.37 |

Wednesday, November 18, 2009

Lemon Creek Shopping Center (c308)  
**12 Month Income Statement**  
For The Period Ending November 2009  
Books = Cash

Page 4

| | Jan-09 | Feb-09 | Mar-09 | Apr-09 | May-09 | Jun-09 | Jul-09 | Aug-09 | Sep-09 | Oct-09 | Nov-09 | Dec-09 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| NET INCOME | | | 31,409.46 | 33,849.01 | 37,328.27 | 57,405.38 | 30,917.13 | 21,627.32 | 47,406.64 | 18,963.00 | 54,557.16 | | 333,463.37 |
| ADJUSTMENTS | | | | | | | | | | | | | |
| Tenant Deposits | | 925.50 | | | | | | | | | -2,486.82 | | -1,561.32 |
| Owner Contribution | | | 3,596.10 | | | | | | | | | | 3,596.10 |
| Owner Draw | | -925.50 | -28,104.25 | -23,360.36 | -38,118.46 | -35,178.87 | -33,118.46 | -19,879.18 | -39,000.00 | -16,000.00 | -41,400.00 | | -275,085.08 |
| NET OPERATING INCOME (NOI) | | | -24,508.15 | -23,360.36 | -38,118.46 | -35,178.87 | -33,118.46 | -19,879.18 | -39,000.00 | -16,000.00 | -43,886.82 | | -273,050.30 |
| TOTAL ADJUSTMENTS | | | -24,508.15 | -23,360.36 | -38,118.46 | -35,178.87 | -33,118.46 | -19,879.18 | -39,000.00 | -16,000.00 | -43,886.82 | | -273,050.30 |
| CASH FLOW | | | 14,178.77 | 15,498.26 | 4,569.59 | 27,933.53 | 2,740.65 | 6,181.65 | 13,053.80 | 7,186.86 | 11,348.53 | | 102,690.84 |

Wednesday, November 18, 2009

| In re: Orange Grove Service, Inc. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:10-bk-21336-AA |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067.

A true and correct copy of the foregoing document described **SIGNAL WALNUT LP'S OBJECTION TO DEBTOR'S NOTICE OF SETTING INSIDER COMPENSATION; DECLARATIONS OF JOSEPH T. KUNG AND JEFFREY A. KRIEGER IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 18, 2010 checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Ori S Blumenfeld    oblumenfeld@wilsonassocllp.com
- Jeffrey A Krieger    jkrieger@ggfirm.com
- Dare Law    dare.law@usdoj.gov
- Edward G Schloss    egs2@ix.netcom.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 18, 2010 I caused to be served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**By Personal Delivery:**
Judge Alan M. Ahart, Los Angeles Division
U.S. Bankruptcy Court, Roybal Federal Building
255 E. Temple Street, Los Angeles, CA 90012-3332

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 18, 2010 | Jannette G. Gore | /s/ Jannette G. Gore |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1