1  EDWARD G. SCHLOSS CA Bar No. 102858
   3637 Motor Avenue, Suite 220
2  Los Angeles, California 90034
   Tel: (310) 733-4488 Fax: (310) 836-4888
3  B23107/nc

4  Attorney for Secured Creditor
   AMERICAN CONTINENTAL BANK
5

6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | In re | Case No. 2:10-bk-21336-AA
12 | ORANGE GROVE SERVICE, INC., | Chapter 11
13 | Debtor. | **STIPULATION BETWEEN DEBTOR AND AMERICAN CONTINENTAL BANK RE: MODIFICATION OF CHAPTER 11 PLAN TREATMENT OF AMERICAN CONTINENTAL BANK AND 2120 SOUTH FREMONT AVENUE, ALHAMBRA, CA 91803**

Confirmation Hearing
DATE:  To be set
TIME:  To be set
PLACE: Courtroom 1375
       255 East Temple Street
       Los Angeles, CA 90012

    This Stipulation is made by and between Orange Grove Service, Inc., a California corporation, debtor and debtor-in-possession herein (the "Debtor") and Secured Creditor American Continental Bank (herein "Secured Creditor"). Debtor and Secured Creditor hereby stipulate and agree as follows:

///

///

                                    1                   CHAPTER 11 PLAN STIPULATION

## **RECITALS**

1. Debtor owns and operates the Fremont Shopping Center located at 2120 South Fremont Ave, Alhambra, California (the "Property"). Secured Creditor holds a promissory note (the "Note") evidencing a $3,475,000.00 loan (the "Loan") from Secured Creditor to Debtor. To secure repayment of the Note, Debtor executed a Deed of Trust and Assignment of Rents (the "Deed of Trust") encumbering the Property and all proceeds, products, and rents generated by the Property (the "Cash Collateral," and together with the Property, the "Collateral") in favor of Secured Creditor. The Note, the Deed of Trust, and all other documents memorializing the Loan shall be referred to herein as the "Loan Documents."

2. The Debtor admits that pursuant to the Loan Documents, repayment of the Note is secured by duly perfected first priority liens and security interests in the Collateral.

3. On March 25, 2010 (the "Petition Date"), the Debtor filed the instant Chapter 11 bankruptcy.

4. The Debtor admits that as of September 1, 2011, in accordance with the terms of the Loan Documents, Debtor is indebted to Secured Creditor in the amount of $3,364,629.58. Debtor desires to continue to operate the Property, collect the rental income, other revenue and expense reimbursements from tenants and occupants of the Property (collectively, the "Income") and to utilize the Income to pay expenses related to the operation, preservation and maintenance of the Property.

5. On May 6, 2011, Debtor filed its First Amended Disclosure Statement. Over Secured Creditor's objections, the First Amended Disclosure Statement was approved by the Court on July 6, 2011, with the Order Approving First Amended Disclosure Statement entered on August 17, 2011. Secured Creditor and Debtor enter into the following agreement to resolve issues relating to Secured Creditor's treatment under Debtor's Chapter 11 Plan. This Stipulation is intended to supersede any contrary terms and modify Debtor's Chapter 11 Plan.

6. Except as otherwise provided herein, the terms of this Stipulation shall be valid and binding upon Secured Creditor, Debtor, all successors in interest to the Debtor, all creditors of Debtor, any statutory committee appointed in these cases and all other parties in interest from and after the Petition Date.

NOW, THEREFORE, Debtor and Secured Creditor hereby agree as follows:

## STIPULATION

a. The foregoing recitals are incorporated herein by reference.

b. Debtor and Secured Creditor agree that pursuant to the Loan Documents, all Cash Collateral constitutes Secured Creditor's "cash collateral" under Section 363(a) of the Bankruptcy Code.

c. Debtor and Secured Creditor will modify the terms of the Note as follows ("Loan Modification"):

    i) Secured Creditor shall continue to hold first priority liens and security interests in the Collateral;

    ii) The maturity date shall remain November 26, 2014;

    iii) The interest rate shall remain the Prime Rate, as published by the Wall Street Journal, plus a margin of 0.25%;

    iv) For four (4) months beginning September 1, 2011, Debtor will make interest-only payments estimated at $9,950.00 each to Secured Creditor;

    v) Beginning January 1, 2012, Debtor will make estimated principal and interest payments of $16,932.00, each based on a 25 year amortization, these payments shall continue until the maturity date. This amount is subject to change depending on the interest rate;

    vi) Said payments shall be made payable to Secured Creditor, American Continental Bank, 17700 Castleton Street, Suite 100, City of Industry, CA 91748.

d. The terms of the Loan Modification will be embodied in a new set of Loan Documents.

e. Debtor and Secured Creditor further agree that the Loan Modification is subject to the following conditions ("Loan Conditions"):

    i) Debtor shall provide Secured Creditor with a quarterly balance sheet;

    ii) Debtor shall provide Secured Creditor with a quarterly rent roll, including lease expiration information, rent, CAM, and payment status information for each tenant, within twenty-five (25) days after the expiration of each respective quarter;

    iii) Debtor shall provide Secured Creditor with month-to-date and year-to-date operating statements within twenty-five (25) days after the end of each respective month;

    iv) Debtor shall provide Secured Creditor with tax returns and/or extensions within 45 days of filing;

    v) Debtor shall maintain a 1.0:1 Debt Service Coverage Ratio ("DSC") through December 2012. DSC will be calculated on the following dates: 1.) December 31, 2011; 2.) June 30, 2012; and 3.) December 31, 2012;

    vi) Debtor shall maintain a 1.1:1 DSC beginning January 2013, continuing through the maturity date taking calculations as of 1.) June 30, 2013; 2.) December 31, 2013; and 3.) June 30, 2014;

    vii) Debtor shall remain current with Los Angeles County on the property tax agreements set forth in the two Stipulations for Treatment of Claim of the Los Angeles County Treasurer and Tax Collector [Docket #297 and Docket #298];

    viii) Arturo Flores and Diana Flores (collectively "Guarantors"), guarantors of the Note, shall provide Secured Creditor with an annual financial statement;

    ix)    Guarantors shall provide Secured Creditor with a copy of their federal tax returns and/or extensions within 45 days of filing;

    x)    Debtor shall maintain a loan to value ratio of 85% and shall not encumber the remainder. Value to be determined by a new appraisal to be provided in conjunction with this agreement;

    xi)    Secured Creditor shall order, and Debtor shall pay for, a new appraisal of the Property that yields a loan to value ratio of no greater than 85%.

f.    Given the amount of Secured Creditor's claim and in order to comply with Loan Condition e. x) above, Debtor shall not maintain any payments on any junior lien on the Property, prior to the maturity date of Secured Creditor's loan on November 26, 2014. This modifies a current term of the proposed Chapter 11 Plan.

g.    The Debtor's Chapter 11 Plan provides for payment of the junior lien of Phoebe Chen Huang ("Huang Lien") as Class 4. No claim has been filed regarding the Huang Lien. The bar date for filing a proof of claim was August 20, 2010. Debtor is not authorized to pay the Huang Lien using Secured Creditor's Cash Collateral and shall not make any payments on the Huang Lien obligation prior to the November 26, 2014 maturity date of Secured Creditor's loan.

h.    Neither the entry of an order approving this Stipulation nor the acceptance of the interest payments shall constitute, or be deemed to be, a waiver of any of Secured Creditor's rights or claims under the Loan Documents or applicable law, or a cure of any default by Debtor under the Loan Documents.

i.    Except as otherwise set forth herein, both Secured Creditor and Debtor reserve all rights that each may have with respect to the Collateral in this Chapter 11 proceeding. Secured Creditor expressly reserves all right to seek, and Debtor expressly reserves all rights to object to, relief from or modification of the automatic stay, appointment of a trustee, dismissal or conversion of the case, or any other remedies that it may have.

j.  No waiver, modification, or amendment of any of the provisions hereof shall be effective unless it is set forth in writing, signed by the parties hereto and approved by this Court.

k.  The provisions of this Stipulation and any actions taken pursuant hereto shall survive entry of any order converting the Chapter 11 case to Chapter 7 or an order dismissing the Chapter 11 case, and Secured Creditor's claims, liens to the extent of allowed claims and security interests granted and payments made pursuant to this Stipulation and the Loan Documents shall continue in full force and effect and shall not be disgorged to or recaptured by the bankruptcy estate or the Debtor notwithstanding the entry of any such order.

l.  Upon entry of an order approving this Stipulation, the automatic stay is immediately terminated and vacated as to Secured Creditor, its assignees and/or successors in interest, such that Secured Creditor may enforce its rights under the Loan Documents and applicable state law without having to obtain a further court order granting relief from the automatic stay, and said relief is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code and in any future bankruptcy cases filed by Debtor, its assignees, and/or successors in interest.

m.  Upon entry of an order approving this Stipulation, the provisions hereof shall be immediately binding upon and inure to the benefit of Secured Creditor, Debtor and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in the Chapter 11 Case or in any superseding Chapter 7 case as a legal representative of Debtor or Debtor's estate.

n.  Upon entry of an order approving this Stipulation, Secured Creditor will vote in favor of Debtor's Chapter 11 Plan and will support confirmation of the Chapter 11 Plan.

o.   No rights are intended to be created hereunder for the benefit of any third party or creditor or any direct or indirect incidental beneficiary except as specifically provided herein.

p.   All notices required to or permitted to be given to Debtor under this Stipulation shall be addressed as follows:

To:   Orange Grove Service, Inc.
P.O. Box 7398
La Verne, CA 91750
Attn: Arturo Flores

and

Copy:   Jerome S. Cohen, Esq.
3731 Wilshire Blvd., Suite 514
Los Angeles, CA 90010
Attn: Jerome S. Cohen, Esq.
Fax No.: (213) 388-6188

All notices required to or permitted to be given to Secured Creditor under this Stipulation shall be addressed as follows:

To:   American Continental Bank
17700 Castleton Street, Suite 100
City of Industry, CA 91748
Attn: Sandy Yang
Fax No.: (626) 363-8980

and

Copy:   Edward G. Schloss Law Corp.
3637 Motor Avenue, Suite 220
Los Angeles, CA 90034
Attn: Edward G. Schloss, Esq.
Facsimile: (310) 836-4888

The above addresses may be changed effective upon receipt of a new address. Any notice required herein or permitted to be given shall be in writing and be personally served or sent by facsimile (upon confirmation of receipt) or United States mail and shall be deemed given when sent or, if mailed, when deposited in the United States mail so long as it is properly addressed. All notices and reports required hereunder shall also be sent to counsel for any official committee.

09/14/2011 WED 19:50 FAX Case 2:10-bk-21336-EC Doc 327 Filed 09/14/11 Entered 09/14/11 22:29:04 Desc 001/001
Main Document Page 8 of 9

09/14/2011 01:09 3108364988 EDWARD G SCHLUSS PAGE 09/10

q. The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Stipulation in order to resolve any dispute in connection with the rights and duties specified hereunder.

r. Except as otherwise expressly provided in this Stipulation, the terms and conditions of the Loan Documents shall remain in full force and effect and Secured Creditor shall have all of its rights and remedies thereunder, subject to the provisions of Bankruptcy Code and any orders of this Court.

s. This Stipulation may be executed in original or facsimile signature and in counterpart copies, and this Stipulation shall be deemed fully executed and effective when all parties have executed and possess a counterpart, even if no single counterpart contains all signatures.

IT IS SO STIPULATED:

DATED: September 14, 2011     AMERICAN CONTINENTAL BANK

By: _____
Terry Leu, Its: President and CEO

DATED: September 14, 2011     ORANGE GROVE SERVICE, INC.

By: _____
Arturo Flores, Its: President

8     CHAPTER 11 PLAN STIPULATION

Approved as to Form and Content:

DATED: September 13, 2011           EDWARD G. SCHLOSS

                                    By: _____
                                    Edward G. Schloss (SBN 102858)
                                    Attorney for American Continental Bank


DATED: September 14, 2011           JEROME S. COHEN

                                    By: _____
                                    Jerome S. Cohen (SBN 143727)
                                    Attorneys for Debtor and Debtor-in-
                                    Possession

Z:\SJS\Stipulations\LA11ABC.orangegrove.PlanChanges.STIP.doc